WILLIAM FARRINGTON, Plaintiff

v.

HONORABLE JAMES W. HUSTON, as Commissioner of
Public Works, Defendant

Civil No. 377-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

June 20, 1969

JOHN D. MARSH, ESQ., *for plaintiff*

EDWIN ARMSTRONG, ESQ., Assistant Attorney General,
*for defendant*

MICHAEL, *Judge*

192

## ORDER

A motion having been made by the defendant to Amend Findings of Fact, Conclusions of Law and Order entered the 13th day of May, 1969, in the above entitled matter, on the ground that said Conclusions of Law does not include the conclusions found by the Court and announced from the Bench regarding the power of a department head to preselect the time for leave according to the provisions of 3 V.I.C. 581(b) and 582, and the said Motion having come on to be heard this 21st day of May, 1969, and the Court having heard the argument of counsel for both parties, and being fully advised and satisfied in the premises, it is

ORDERED AND ADJUDGED that the said motion be and the same is hereby granted.

IT IS FURTHER ORDERED that the Findings of Facts, Conclusions of Law and Order entered the 13th day of May, 1969, be and is hereby amended, nunc pro tunc, to read as follows:

### AMENDED ORDER TO ENFORCE ORDER OF GOVERNMENT EMPLOYEES SERVICE COMMISSION

This cause came on to be heard at Charlotte Amalie, St. Thomas, May 13, 1969, upon the Petition of plaintiff, William Farrington, for enforcement of an order of the Government Employees Service Commission, dated May 5, 1969, in which the recommendation of defendant, Honorable James W. Huston, Commissioner of Public Works, to dismiss plaintiff, was denied, and further, that plaintiff be restored to duty with full status and pay, effective April 14, 1969. The Petitioner, William Farrington, appeared in person and was represented by John D. Marsh, Esq.; the defendant appeared in person and was represented by Edwin Armstrong, Esq., Assistant Attorney General.

After Considering the Petition of the plaintiff and Answer of the defendant praying for a dismissal of the petition, and the testimony and other evidence submitted, and the memorandum of law filed by the defendant, the court makes the following

## FINDINGS OF FACT

1. That at a hearing before the Government Employees Commission on the recommendation of the defendant that the plaintiff be dismissed, an order was entered by the Commission denying said recommendation and restoring plaintiff to duty with full status and pay, effective April 14, 1969.

2. That subsequent to the entry of the order by the Commission on May 5, 1969, the plaintiff reported and requested restoration to duty with full status and pay pursuant to said order, copy of which was delivered to the defendant.

3. That the defendant informed the plaintiff that he had been instructed that he was not to restore plaintiff to duty pursuant to said order.

4. That on May 7, 1969, the above case was filed and Citation issued and served upon the defendant to show cause, if any he has, why the plaintiff should not be restored to duty as Administrator of the Department of Public Works in St. Thomas in compliance with the order of the Government Employees Service Commission.

5. That by letter of May 9, 1969, the plaintiff was informed by the defendant that since the proceedings of the hearing and the testimony given to the Commission are being reviewed by the Attorney General for determination as to further action in the case, he was placed on annual leave with pay, effective April 14, 1969, until such time as the case is settled.

6. That there is no evidence that any case involving this matter is pending before any court for adjudication.

7. That the involuntary annual leave imposed upon the plaintiff by the defendant at a time the said defendant was under order of the Government Employees Service Commission, dated May 5, 1969, to restore plaintiff to duty with full status and pay, was arbitrary and punitive, and not in accordance with the intent of 3 V.I.C. 581(b)[1] and 582.[2]

CONCLUSIONS OF LAW

The court concludes as a matter of law

■ That the Court has jurisdiction of this matter under 4 V.I.C. 74(4), (6).

■ That although the letter of May 9, 1969, from the defendant implies that the plaintiff is still an employee of the Department of Public Works and is on the payroll, the placing of plaintiff on involuntary annual leave for an indefinite period is not in full compliance with the order of the Commission, nor within the power of the department head at the time the leave was imposed, the term "prescribed" as used in 3 V.I.C. 581(b) and 582, or "preselect" used by the defendant in his Motion to Amend, means to lay down beforehand as a rule of action, a guide, prior notice. 33 Words and Phrases, p. 412; Sevier v. Riley, 244 Pac. 323, 324, 196 Cal. 170.

That as a consequence of what has been said above the plaintiff is entitled to the relief sought.

---

[1] The annual leave authorized by this section shall be granted at times prescribed by the heads of the departments and agencies of government: Provided, That every effort shall be made to allow annual leaves due when requested by employees.

[2] The annual leave authorized by this subchapter shall be granted at such times as the heads of the various departments or of other offices of the government of the Virgin Islands may prescribe.

ORDER

The defendant having failed to show just cause why the said Order of the Commission should not be enforced in its entirety, and the Court being fully advised and satisfied in the premises, it is

ORDERED AND ADJUDGED that plaintiff's prayer for relief be and the same is hereby granted, and the defendant herein, forthwith be restored to duty as Administrator of the Department of Public Works with full status and pay effective April 14, 1969, as ordered by the Government Employees Service Commission.

It is further ORDERED that a copy of this Order be served upon the defendant.